**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-02937-REB-BNB

CATHY GARCIA,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant.

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

**Blackburn, J.**

    The matter before is **Defendant's Motion for Summary Judgment** [#34],[1] filed April 28, 2014. I have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question). Having reviewed the motion, response, and reply and having considered the apposite arguments, authorities, and evidence presented by the parties, it is apparent that there exist genuine issues of material fact that are not appropriate for summary resolution.

    The sole issue presented by the motion is whether plaintiff disputed the account sufficiently to require defendant to mark the account as disputed. *See* 15 U.S.C. § 1692e(8) (Fair Debt Collection Practices Act ("FDCPA") prohibits debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate

---

[1] "[#34]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

that a disputed debt is disputed"). The transcript of the apposite phone call between plaintiff and defendant's representative shows that although plaintiff did not use the word "disputed," she repeatedly insisted to the operator that she did not owe the amount shown as due on the account. Under the applicable "least sophisticated consumer" standard, such protestations are sufficient, at the very least, to create a genuine issue of material fact regarding whether plaintiff disputed the debt.[2]  **See Ferree v. Marianos**, 1997 WL 687693 at *1 (10th Cir. Nov. 3, 1997) (citing **Russell v. Equifax A.R.S.**, 74 F.3d 30, 34 (2nd Cir. 1996)); **Nikkel v. Wakefield & Associates, Inc.**, 2012 WL 5571058 at *10 (D. Colo. Nov. 15, 2012).

**THEREFORE, IT IS ORDERED** that **Defendant's Motion for Summary Judgment** [#34], filed April 28, 2014, is **DENIED**.

Dated June 9, 2014, at Denver, Colorado.

**BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge

---

[2] Plaintiff's construction in this regard certainly is not irrational.  **Cf. White v. Goodman**, 200 F.3d 1016, 1020 (7th Cir. 2000).