**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-02937-REB-BNB

CATHY GARCIA,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant.

**ORDER GRANTING DEFENDANT'S RENEWED MOTIONS IN LIMINE
TO EXCLUDE REFERENCE TO UNRELATED LAWSUITS, COMPLAINTS
OR CLAIMS AND ANY REFERENCE TO DAMAGES BEING MINIMAL**

**Blackburn, J.**

The matter before me is **Defendant's Renewed Motion In Limine To Exclude Reference to Unrelated Lawsuits, Complaints or Claims and Any Reference to Damages Being Minimal** [#64],[1] filed April 27, 2015. I grant the motion

By her response [#72], plaintiff concedes to that portion of the motion that seeks to exclude *in limine* any reference to unrelated lawsuits, complaints, or claims. To that extent, therefore, the motion is granted as unopposed. However, plaintiff insists that she should not be precluded from arguing that maximum statutory damages $1,000 available under the Fair Debt Collection Practices Act presents a minimal penalty, or apprising the jury that this cap was set by Congress in the 1970s and has not been adjusted since that time. I disagree.

---

[1] "[#64]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

The competing jury instructions[2] submitted for the court's consideration on the issue of statutory damages coincide insofar as they both suggest three factors that the jury should consider in determining the amount of statutory damages: (1) the frequency and persistence of defendant's noncompliance with the Act; (2) the nature of defendant's noncompliance with the Act; and (3) the extent to which defendant's noncompliance with the Act was intentional. *See* 15 U.S.C. § 1692k(b)(1). As should be readily apparent, these considerations focus entirely on defendant's noncompliance with the mandates of the FDCPA. There is no manner in which a reference to the allegedly *de minimis* nature of the statutory cap or its failure to keep pace with some more contemporary benchmark is of any relevance to the issues properly before the

---

[2] On first glance, the language of the statute would seem to indicate that the amount of statutory damages to be awarded is for the court. (*See* 15 U.S.C. § 1692k(b) (addressing "[f]actors considered by *[the] court*," and providing that "[i]n determining the amount of liability in any action under subsection (a) of this section, *the court* shall consider" various factors)) (emphases added). Nevertheless, at least two federal courts of appeals have found that plaintiffs are entitled to a jury question on the issue of statutory damages in an FDCPA case, holdings on which Judge Brimmer relied last year in deciding that such question should be submitted to the jury:

> The Seventh and Eleventh Circuits have held that plaintiffs have a right to a jury trial in this context. *See  Kobs v. Arrow Serv. Bureau, Inc.*, 134 F.3d 893, 898 (7th Cir. 1998) ("§ 1692k(a)(2) of the FDCPA provides for trial by jury in determining statutory additional damages"); **Sibley v. Fulton DeKalb Collection Serv.**, 677 F.2d 830, 832 (11th Cir. 1982) ("It has been frequently determined, however, that the word 'court,' used in the [FDCPA] and in the remedial portions of numerous other statutes, encompasses trial by both judge and jury rather than by judge alone.")
>
> The Court finds this authority persuasive. Trial will proceed, as scheduled, on plaintiff's request for statutory damages.

*Lassiter v. Integrity Solution Services, Inc.*, 2014 WL 1040677 at *6 (D. Colo. March 18, 2014). Judge Arguello also has submitted the issue of statutory damages to the jury in two other recent cases. *See Lassiter v. Integrity Solution Services, Inc.*, Civil Action No. 12-cv-02992-CMA-MJW, **Final Jury Instructions** at 20 [#67], filed April 14, 2014; *Santacruz v. Standley and Associates, LLC et al.*, Civil Action No. 10-cv-00623-CMA-CBS, **Final Jury Instructions** at 14  [#57], filed March 29, 2011.

jury.[3] Reference to such considerations can only serve to permit the jury to infer that the statutory maximum is less than adequate compensation and invite them to award the maximum regardless of the facts. Thus, the proposed evidence is irrelevant as defined by Fed. R. Evid 401 and thus inadmissible under Fed. R. Evid. 402. Additionally, the dubious probativity of such evidence is substantially outweighed by the danger of confusing the issues and misleading the jury; thus, the evidence is excludable under Fed. R. Evid. 403.

      **THEREFORE, IT IS ORDERED** as follows:

      1.  That **Defendant's Renewed Motion In Limine To Exclude Reference to Unrelated Lawsuits, Complaints or Claims and Any Reference to Damages Being Minimal** [#64], filed April 27, 2015, is granted; and

      2.  That pending further order, all parties are precluded and prohibited from arguing or offering evidence in the presence of the jury characterizing or suggesting that the statutory maximum damages cap is minimal or apprising the jury that the cap has not been raised since it was first enacted in 1977.

      Dated May 7, 2015, at Denver, Colorado.

                          **BY THE COURT:**

                          Robert E. Blackburn
                          United States District Judge

---

[3] Moreover, it is not at all clear to the court what evidentiary basis plaintiff intends to provide to substantiate such an argument.  In this regard, it strikes the court that there also is potential to run afoul of the dangers of undue delay and waste of time proscribed by Rule 403.