# INSTRUCTION NO. 1

Ladies and Gentlemen of the Jury:

Now that you have heard the evidence and will soon hear argument, it becomes my duty to give you the instructions of the court as to the law applicable to this case. It is your duty as jurors to follow the law as I shall state it to you, and to apply the law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by the court.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every civil case – for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case, and finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return.

Counsel may properly refer to the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the court in these instructions, you are, of course, to be governed by the final instructions of the court.

Nothing the court says in these instructions is to be taken as an indication that the court has any opinion about the facts of the case, or what that opinion is. It is not the function of the court to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, bias, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach just verdicts, regardless of the consequences. That is the oath that you took and the promise you made.

The evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them, all exhibits received in evidence, regardless of who may have produced them, and all facts which may have been admitted or stipulated. Nothing else is evidence. The statements and arguments of the lawyers are not evidence. What the lawyers say to you or show to you during their opening statements and their closing arguments are not evidence. Their questions and objections are not evidence. Thus, if a lawyer asks a question of a witness that contains an assertion of fact, you may not consider the assertion by the lawyer as any evidence of that fact. Only the answers of the witnesses are evidence. However, when the attorneys on both sides have stipulated or agreed as to the existence of a fact, the jury must accept the stipulation and regard that fact as proved. The legal rulings of the court are not evidence. The comments, admonitions, and questions of the court are not evidence. Anything you may have seen, heard, read, or viewed outside the courtroom is not evidence, and must be disregarded entirely.

There are two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence presented by a percipient witness such as the

testimony of an eyewitness or earwitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but requires that the jury find the facts in accordance with the evidence in the case, both direct and circumstantial.

If any reference by the court or by counsel to matters of evidence – whether testimony or exhibits – does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the court or of counsel. You are the sole judges of the evidence received in this case.

You are to consider only the evidence in the case. However, in your consideration of the evidence, you are not limited to just the statements of the witnesses. In other words, you are not limited solely to what you saw and heard as the witnesses testified. You are permitted to draw, from the facts which you find have been proved, such reasonable inferences as you feel are justified in light of your experience. An inference is a conclusion that reason and common sense may lead you to draw from the facts which you find have been proved by a preponderance of the evidence. By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

The mere number of witnesses appearing for or against a particular fact, issue, or proposition does not in and of itself prove or disprove that fact, issue, or proposition.

Instruction No. 1
Page 3 of 5

You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Any evidence to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be disregarded entirely.

Any finding of fact you make must be based on probabilities, not possibilities. A finding of fact may not be based on surmise, speculation, or conjecture.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony – if she is even permitted to do so.

Any verdict of the jury must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Any verdict must be unanimous.

As jurors, it is your duty to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. However, do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges – judges of

the facts.  Your sole interest is to seek the truth from the evidence in the case and return just verdicts based on the evidence in the case and the law as the court has presented it to you.

## INSTRUCTION NO. 2

The following is a brief summary of the claims in this case:

Plaintiff, Cathy Garcia, claims that defendant, Midland Credit Management, Inc., violated the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §§ 1692e preface ("Claim One"), 1692e(2)(A) ("Claim Two"), 1692e(8) ("Claim 3"), and 1692(10) ("Claim 4"), in connection with the collection of the T-Mobile account from plaintiff by communicating information regarding the T-Mobile account, including the name of the original creditor on the account and the balance due on the account, to Experian, Equifax, and Transunion, credit reporting agencies, in May 2013, June 2013, July 2013, August 2013, and September 2013, without communicating that the T-Mobile account was disputed after plaintiff disputed the T-Mobile account with defendant and informed defendant that the account was disputed during a telephone conversation regarding the T-Mobile account between plaintiff and defendant on May 7, 2013.

Defendant denies plaintiff's allegation that she disputed the underlying T-Mobile account during a telephone call on May 7, 2013. Defendant asserts plaintiff never disputed the account with defendant despite being asked on three separate occasions during the telephone call if plaintiff wanted to dispute the account.

**INSTRUCTION NO. 3**

Plaintiff has the burden of proving her claims by a preponderance of the evidence.  To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so.  In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them, and any fact that has been admitted or stipulated.

"Burden of proof" means the obligation plaintiff has to prove her claims by a preponderance of the evidence.  Plaintiff can use evidence produced by any party to persuade you.  If plaintiff fails to meet burden of proof as to any one or more her claims, or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, you must reject the claim you are then considering.

**INSTRUCTION NO. 4**

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence.  You are expected to use your good sense in considering and evaluating the evidence in the case.  Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict on anything other than the evidence received in the case and the instructions of the court.

## INSTRUCTION NO. 5

As jurors, you are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witnesses, by the manner in which the witnesses testified, by the character of the testimony given, and by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive, state of mind, and demeanor or manner while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdicts, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently, and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.  You may, in short, accept or reject the testimony of any witness in whole or in part.  If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars, and you may reject all the testimony of that witness or give it such credibility, if any, as you may think it deserves.  An act or omission is "knowingly" done if it is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**INSTRUCTION NO. 6**

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence, which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

## INSTRUCTION NO. 7

Defendant is a corporation.  A corporation may act only through natural persons as its employees.  In general, any employee of a corporation may bind the corporation by his or her actions and statements made while acting within the scope of the employee's authority as delegated by the corporation or within the scope of the employee's duties as an employee of the corporation.

An employee acting outside the employee's delegated authority or outside the scope of the employee's duties may not bind the corporation.  However, even though an act is forbidden by the law, it may still be within the scope of employment so as to impose liability on the corporation.  In deciding whether the act complained of was within the scope of authority, you should consider such factors as where the acts took place and their foreseeability.

**INSTRUCTION NO. 8**

The parties have stipulated, or agreed, that certain facts are true.  Those stipulations have been read to you during trial.  You must treat those facts as having been proved for purposes of this case.

The parties have stipulated to the following:

1.  Plaintiff is a "consumer" as defined by the FDCPA.

2.  Plaintiff incurred a balance on a T-Mobile account.

3.  Plaintiff's account at issue in this case is a "debt" as defined by the FDCPA.

4.   The account went into default with T-Mobile.

5.  Defendant is licensed as a collection agency by the state of Colorado.

6.  The principal purpose of defendant is the collection of debts using the  mails and telephone.

7.  Defendant regularly attempts to collect debts alleged to be due another.

8.  Defendant  regularly  collects  or  attempts  to  collect,  directly  or  indirectly, debts alleged to be due another that arose out of  transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

9.  Defendant is a "debt collector" as that term is defined by the FDCPA.

10.  Plaintiff and defendant  had a telephone  conversation regarding the T-Mobile account on May 7, 2013.

11.  In May 2013 after May 7, 2013, defendant communicated information regarding the account, including the name of the original creditor on the account and the balance due on the account, to Experian, Equifax, and Transunion.

12.  In May 2013 after May 7, 2013, when defendant communicated information regarding the Account, including the name of the original creditor on the account and the balance due on the account, to Experian, Equifax, and Transunion defendant did not communicate to Experian, Equifax, and Transunion that the account was disputed.

13.  The information communicated after May 7, 2013, to Experian, Equifax, and Transunion by defendant regarding the account conveyed information regarding the account directly or indirectly to Experian, Equifax, and Transunion.

14.  The information communicated regarding the account at issue in this case by defendant to Experian, Equifax, and Transunion in May 2013 after May 7, 2013, constitutes a "communication" as that term is defined by the FDCPA.

15.  In June 2013, defendant communicated information regarding the account, including the name of the original creditor on the account and the balance due on the account, to Experian, Equifax, and Transunion.

16.  In June 2013, when defendant communicated information regarding the account, including the name of the original creditor on the account and the balance due on the account, to Experian, Equifax, and Transunion, defendant did not communicate to Experian, Equifax, and Transunion that the account was disputed.

17.  The information communicated in June 2013 to Experian, Equifax, and Transunion by defendant regarding the account conveyed information regarding the account directly or indirectly to Experian, Equifax, and Transunion.

18.  The information communicated regarding the account at issue in this case by defendant to Experian, Equifax, and Transunion in June 2013 constitutes a "communication" as that term is defined by the FDCPA.

19.  In July 2013, defendant communicated information regarding the account, including the name of the original creditor on the account and the balance due on the account, to Experian, Equifax, and Transunion.

20.  In July 2013, when defendant communicated information regarding the account, including the name of the original creditor on the account and the balance due on the account, to Experian, Equifax, and Transunion, defendant did not communicate to Experian, Equifax, and Transunion that the account was disputed.

21.  The information communicated in July 2013 to Experian, Equifax, and Transunion by defendant regarding the account conveyed information regarding the account directly or indirectly to Experian, Equifax, and Transunion.

22.  The information communicated regarding the account at issue in this case by defendant to Experian, Equifax, and Transunion in July 2013 constitutes a "communication" as that term is defined by the FDCPA.

23.  In August 2013, defendant communicated information regarding the account, including the name of the original creditor on the account and the balance due on the account, to Experian, Equifax, and Transunion.

Instruction No. 8
Page 3 of  4

24.  In August 2013, when defendant communicated information regarding the account, including the name of the original creditor on the account and the balance due on the account, to Experian, Equifax, and Transunion, defendant did not communicate to Experian, Equifax and Transunion that the account was disputed.

25.  The information communicated in August 2013 to Experian, Equifax, and Transunion by defendant regarding the account conveyed information regarding the account directly or indirectly to Experian, Equifax, and Transunion.

26.  The information communicated regarding the account at issue in this case by defendant to Experian, Equifax, and Transunion in August 2013 constitutes a "communication" as that term is defined by the FDCPA.

27.  In September 2013, defendant communicated information regarding the account, including the name of the original creditor on the account and the balance due on the account, to Experian, Equifax, and Transunion.

28.  In September 2013, when defendant communicated information regarding the account, including the name of the original creditor on the account and the balance due on the account, to Experian, Equifax, and Transunion, defendant did not communicate to Experian, Equifax, and Transunion that the account was disputed.

29.  The information communicated in September 2013 to Experian, Equifax, and Transunion by defendant regarding the account conveyed information regarding the account directly or indirectly to Experian, Equifax, and Transunion.

30.  The information communicated regarding the account at issue in this case by defendant to Experian, Equifax, and Transunion in September 2013 constitutes a "communication" as that term is defined by the FDCPA.

## INSTRUCTION NO. 9

The Fair Debt Collection Practices Act (the "FDCPA") imposes civil liability on debt collectors who engage in certain prohibited debt collection practices.  Congress enacted the FDCPA to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers.

Under the FDCPA, a person may seek damages against any debt collector who utilizes abusive, deceptive, and unfair practices to recover a debt.  A person may seek relief under the FDCPA regardless whether a valid debt exists, so long as the prohibited practices were used in an attempt to collect a debt.  Credit reporting constitutes an attempt to collect a debt.

A consumer can orally dispute all or part of a debt.  A consumer may dispute a debt for a good reason, a bad reason, or no reason at all.  Therefore, you may not consider whether plaintiff was actually indebted when determining whether defendant violated the FDCPA.

## INSTRUCTION NO. 10

In Claim One, plaintiff alleges that defendant violated section 1692e, preface, of the FDCPA.  To prove this claim, plaintiff must establish the following three (3) essential elements by a preponderance of the evidence:

1. That defendant is a debt collector within the meaning of the Act; and

2. That defendant made a false or deceptive or misleading representation; and

3. That such representation was made in connection with collection of a debt.

As used in element 1 of this Instruction, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  The parties have stipulated that defendant is a "debt collector."

As used in element 3 of this Instruction, a "debt" is any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, regardless whether such an obligation has been reduced to judgment.  The parties have stipulated that the account at issue in this case is a "debt."

If you find that plaintiff has proved by a preponderance of the evidence each and all three (3) of these essential elements of her claim that defendant violated section 1692e, preface, of the FDCPA, then your verdict as to this claim should be for plaintiff, and you should so indicate on the Verdict Form.

If, on the other hand, you find that plaintiff has failed to prove by a preponderance of the evidence any one or more of these three (3) essential elements of her claim that defendant violated section 1692e, preface, of the FDCPA, then your verdict as to this claim should be for defendant, and you should so indicate on the Verdict Form.

## INSTRUCTION NO. 11

In Claim Two, plaintiff alleges that defendant violated section 1692e(2)(A) of the FDCPA.  To prove this claim, plaintiff must establish the following four (4) essential elements by a preponderance of the evidence:

1.  That defendant is a debt collector within the meaning of the Act; and

2.  That defendant made a false representation; and

3.  That such representation was made in connection with collection of a debt; and

4.  That such representation concerned the character, amount, or legal status of a debt.

As used in element 1 of this Instruction, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  The parties have stipulated that defendant is a "debt collector."

As used in element 3 of this Instruction, a "debt" is any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, regardless whether such an obligation has been reduced to judgment.  The parties have stipulated that the account at issue in this case is a "debt."

If you find that plaintiff has proved by a preponderance of the evidence each and all four (4) of these essential elements of her claim that defendant violated section 1692e(2)(A) of the FDCPA, then your verdict as to this claim should be for plaintiff, and you should so indicate on the Verdict Form.

If, on the other hand, you find that plaintiff has failed to prove by a preponderance of the evidence any one or more of these four (4) essential elements of her claim that defendant violated section 1692e(2)(A) of the FDCPA, then your verdict as to this claim should be for defendant, and you should so indicate on the Verdict Form.

**INSTRUCTION NO. 12**

In Claim Three, plaintiff alleges that defendant violated section 1692e(8) of the FDCPA.  To prove this claim, plaintiff must establish the following four (4) essential elements by a preponderance of the evidence:

    1.  That defendant is a debt collector within the meaning of the Act; and

    2.  That defendant communicated or threatened to communicate information about a debt; and

    3.  That such communication was made in connection with collection of a debt; and

    4.  That the information was known to be false or should have been known to be false.

As used in element 1 of this Instruction, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  The parties have stipulated that defendant is a "debt collector."

As used in elements 2 and 3 of this Instruction, a "debt" is any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, regardless whether such an obligation has been reduced to judgment.  The parties have stipulated that the account at issue in this case is a "debt."

As used in element 2 of this Instruction, the information communicated or threatened to be communicated may include the failure to communicate that a disputed debt is disputed.

If you find that plaintiff has proved by a preponderance of the evidence each and all four (4) of these essential elements of her claim that defendant violated section 1692e(8) of the FDCPA, then your verdict as to this claim should be for plaintiff, and you should so indicate on the Verdict Form.

If, on the other hand, you find that plaintiff has failed to prove by a preponderance of the evidence any one or more of these four (4) essential elements of her claim that defendant violated section 1692e(8) of the FDCPA, then your verdict as to this claim should be for defendant, and you should so indicate on the Verdict Form.

## INSTRUCTION NO. 13

In Claim Four, plaintiff alleges that defendant violated section 1692e(10) of the FDCPA. To prove this claim, plaintiff must establish the following three (3) essential elements by a preponderance of the evidence:

1. That defendant is a debt collector within the meaning of the FDCPA; and

2. That defendant used any false representation or deceptive means; and

3. That such false representation or deceptive means was used to collect or attempt to collect a debt or to obtain information concerning a consumer.

As used in element 1 of this Instruction, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The parties have stipulated that defendant is a "debt collector."

As used in element 3 of this Instruction, a "debt" is any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, regardless whether such an obligation has been reduced to judgment. The parties have stipulated that the account at issue in this case is a "debt."

As used in element 3 of the Instruction, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. The parties have stipulated that plaintiff is a "consumer" under the FDCPA.

If you find that plaintiff has proved by a preponderance of the evidence each and all three (3) of these essential elements of her claim that defendant violated section 1692e(10) of the FDCPA, then your verdict as to this claim should be for plaintiff, and you should so indicate on the Verdict Form.

If, on the other hand, you find that plaintiff has failed to prove by a preponderance of the evidence any one or more of these three (3) essential elements of her claim that defendant violated section 1692e(10) of the FDCPA, then your verdict as to this claim should be for defendant, and you should so indicate on the Verdict Form.

## INSTRUCTION NO. 14

I will now instruct you on the proper measure of damages, if any, to be recovered by plaintiff should you find in her favor.  The fact that I will instruct you on the proper measure of damages should not be considered as an indication of any view of mine as to which party is entitled to your verdicts in this case.  The instructions regarding damages are given only for your guidance, in the event you should find in favor of plaintiff on the question of liability in accordance with the other instructions.  If you should find for defendant, the instructions regarding damages should be disregarded.

**INSTRUCTION NO. 15**

If you find in favor of plaintiff on any one or more of her claims, then you may, but are not required to, award her statutory damages, in an amount up to but not exceeding $1,000.00 cumulatively, for any and all such claims.

In order to recover statutory damages, plaintiff does not have to prove that she suffered actual damages.  She need only demonstrate by a preponderance of the evidence that defendant is liable for at least one of her four claims.

In determining the amount of statutory damages, if any, to be awarded, you shall consider:

1.  The frequency and persistence of defendant's noncompliance with the FDCPA; and

2.  The nature of defendant's noncompliance with the FDCPA; and

3.  The extent to which defendant's noncompliance with the FDCPA was intentional.

**INSTRUCTION NO. 16**

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict the court thinks you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

## INSTRUCTION NO. 17

If it becomes necessary during your deliberations to communicate with the court, you may send a note via the bailiff signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with the court regarding the issues of the case by any means other than such a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case other than in writing or orally here in open court.

If you do send a note to the court containing a question or request for further direction, please bear in mind that a response will take some time and effort.  The court must first notify counsel to return to court.  Then the court must confer with counsel, consider their arguments, and, if necessary, research the question before reducing the answer or direction, if any, to writing.

There may be some questions or matters that under the law the court is not permitted to answer or address.  If it is improper for the court to answer the question or address the issue, the court will tell you.  Please do not speculate about what the answer to your question might be or why the court is not able to answer a particular question or address a particular matter.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are prohibited to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person – not even to the court – how the jury stands, numerically or otherwise, on the questions before you, until after you have reached unanimous verdicts.

## INSTRUCTION NO. 18

The original written instructions are a part of the court record.  You are not permitted to write any notes on the original instructions or exhibits or to deface them in any way.  The original instructions and the exhibits are to be returned to the court at the conclusion of your deliberations.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.  The second thing you should do is review the instructions and Verdict Form.  Not only will your deliberations be more productive if you understand the legal principles on which your verdicts must be based, but for a verdict to be valid, you must follow the instructions throughout your deliberations.  Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the original instructions.

You may deliberate only while all jurors are present together in the jury room. You must suspend your deliberations until and unless you are all present together in the jury room.

Your deliberations will be secret. You will never have to explain any verdict to anyone.

Any verdict you reach must represent the collective judgment of the jury.  In order to return a verdict, it is necessary that each juror agree to it.  In other words, any verdict you reach must be unanimous.

Your verdicts must be based solely on the evidence received in the case. Nothing you have seen or read outside of court may be considered.  Nothing that I have

said or done during the course of this trial is intended, in any way, to suggest to you somehow what I think your verdicts should be.  Nothing said in these instructions and nothing in any form of verdict, which has been prepared for your convenience, is to suggest or convey to you in any way or manner any intimation as to what verdicts I think you should return.  What any verdict shall be is the exclusive duty and responsibility of the jury.  As I have told you many times, you are the sole judges of the evidence, the witnesses, and the facts.

A Verdict Form has been prepared for your convenience.

You will take the Verdict Form to the jury room, and when you have reached unanimous agreement as to your verdicts, you will have your foreperson write your verdicts, date and sign, together with all other jurors, the Verdict Form.

When you have arrived at your verdicts and have completed, dated, and signed the Verdict Form, your foreperson shall notify the bailiff, who, in turn, will notify me.  You shall remain in the jury room until I call for you to return to the courtroom.  When you return to the courtroom, your foreperson should bring the original instructions and the Verdict Form with him or her.