**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-02937-REB-NYW

CATHY GARCIA,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant.

## ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEY FEES

**Blackburn, J.**

The matter before me is plaintiff's **Motion for Attorney's Fees** [#89],[1] filed June 15, 2015. I grant the motion in part and deny it in part.

By this lawsuit, plaintiff alleged defendant violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* The case proceeded to a jury trial at which plaintiff prevailed on two of her four claims and was awarded statutory damages of $220.50. Plaintiff now seeks attorney fees of $28,900 for 115.6 hours of work on the case.[2]

The generally applicable "American Rule" provides that "the prevailing litigant is

---

[1] "[#89]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] Plaintiff's request for an additional $2,500 associated with filing her reply is moot, since she ultimately filed no reply. If she had, her request would have been both untimely and violative of the Local Rules of this District,. **See D.C.COLO.LCivR** 7(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper."); ***Varley v. Midland Credit Management, Inc.***, 2012 WL 2107969 at *1 n.2 (D. Colo. June 11, 2012) (citing ***Brimer v. Life Insurance Co. of North America***, 2012 WL 414386 at *7 (10th Cir. Feb. 12, 2012)).

ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975); *see also Federal Trade Commission v. Kuykendall*, 466 F.3d 1149, 1152 (10th Cir. 2006). Nevertheless, the FDCPA provides expressly for an award of reasonable attorney fees to a successful litigant. 15 U.S.C. § 1692k(a)(3). Plaintiff therefore is entitled to such an award as the prevailing party in this litigation.

The starting point for any calculation of a reasonable attorney fee is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996). In determining the reasonable number of hours spent on the litigation, the applicant must exercise the same "billing judgment" as would be proper in setting fees for a paying client. *Hensley*, 103 S.Ct. at 1941; *Malloy*, 73 F.3d at 1018. "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Hensley*, 103 S.Ct. at 1940 (citation and internal quotation marks omitted; emphases in original). Counsel therefore must make a good faith effort to exclude hours that are "excessive, redundant or otherwise unnecessary." *Id*. at 1939-40.

Plaintiff requests, and defendant does not contest, an hourly rate of $250.00. This figure is in line with the rate approved for plaintiff's counsel in other FDCPA cases he has prosecuted successfully in this district. *See, e.g.*, *Castro v. First National Collection Bureau, Inc.*, 2012 WL 4468318 at *1 (D. Colo. Sept. 27, 2012); *Howard v.*

*Midland Credit Management, Inc.*, 2012 WL 4359361 at *2-3 (D. Colo. Sept. 24, 2012); *Ellis v. Midland Credit Management, Inc.*, 2012 WL 4356251 at *3 (D. Colo. Sept. 24, 2012); *Livingston v. Midland Credit Management, Inc*., 2012 WL 4328367 at *1 (D. Colo. Sept. 20, 2012); *White v. Cavalry Portfolio Services, LLC*, 2012 WL 899280 at *2-3 (D. Colo. March 16, 2012); *King v. Midland Credit Management, Inc.*, 2012 WL 3590787 at *2 (D. Colo. Aug. 20, 2012).  I therefore use this hourly rate as the starting point of the lodestar analysis.

Defendant objects vociferously, however, to the claimed number of hours expended as excessive.  Of course, defendant's own unwillingness to resolve this matter short of a full-blown jury trial played a not-insubstantial part in contributing to the number of hours required to litigate the case.[3]  The court does not mean to suggest that defendants in these cases need settle at nuisance value as a matter of course.  However, once the court denied summary judgment, it should have been apparent to defendant that plaintiff's claim was at lease colorable, and given defendant's rather weak arguments in contravention of that claim, the court questions fairly the decision to allow the case to proceed so far.

Nevertheless, I agree that plaintiff's attorney fee request is excessive to some extent.  Counsel for plaintiff represents, and the court knows from its own experience, that counsel specializes in the litigation of FDCPA cases, a fact underscored by the representation that counsel has litigated over 2,300 such cases in this district alone.  As

---

[3] Moreover, defendant does not rebut plaintiff's suggestion that defendant refused her offer to waive the jury trial, thereby increasing the number of hours expended in preparation for and presentation at trial.

other judges in this district have pointed out to counsel, however, his experience in this type of case should result in certain economies of scale. **See Sanchez v. Stellar Recovery, Inc.**, Civil Action No. 14-cv-02018-WJM-KLM, **Order Granting in Part and Denying in Part Plaintiff's Motion for Attorneys' Fees** at 3-4 [#31], filed June 10, 2015; **Ellis**, 2012 WL 4356251 at *3 . As this court has advised plaintiff's counsel in the past, "[a] Michelangelo should not charge Sistine Chapel rates for painting a farmer's barn." **Castro**, 2012 WL 4468318 at *2 n.4 (citation and internal quotation marks omitted).

It therefore strikes this court that counsel should be able to achieve more efficiency in certain matters than is demonstrated by his billing records here. For example, the court finds difficult to credit counsel's claim that he required 1.7 to draft a complaint which mirrors that filed in his other FDCPA cases in most material respects. **See Ellis**, 2012 WL 4356251 at *4 (noting, with regard to FDCPA case filed by plaintiff's counsel, "[t]he preparation of a complaint in this case was a relatively simple process. This is not complex litigation"); **Varley v. Midland Credit Management, Inc.**, 2012 WL 2107969 at *1 (D. Colo. June 11, 2012) (finding "entries for several hours worth of attorney time allegedly devoted to drafting the complaint and reviewing the answer – especially in light of counsel's obvious and professed experience in these types of cases . . . excessive and unnecessary"). Requests attributable to drafting other formulaic pleadings, motions, and discovery requests, and reviewing brief or routine motions and orders appear to be similarly inflated in light of counsel's expertise. **See Sanchez**, Civil Action No. 14-cv-02018-WJM-KLM, **Order Granting in Part and**

**Denying in Part Plaintiff's Motion for Attorneys' Fees** at 4 ("Mr. Larson evidently takes advantage – as he should – of the similar legal issues that arise in many FDCPA matters through the use of form pleadings, motions, and discovery requests. . . . These 'efficiencies of scale' should allow Mr. Larson to spend a nominal amount of time on such relatively routine matters.  Mr. Larson's billings, however, do not reflect this reality.") (internal citation omitted).

In addition, I find that the fee request evidences a certain lack of billing judgment on counsel's part.  The fee request is replete with charges for matters that are administrative or clerical, *see Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10, 109 S.Ct. 2463, 2471 n.10, 105 L.Ed.2d 229 (1989), redundant,[4] **Hensley**, 103 S.Ct. at 1039-40, or block-billed (a practice which makes it practically impossible to decipher allowable from unallowable time), *see Flying J. Inc. v. Comdata Network, Inc.*, 322 Fed. Appx. 610, 617 (10th Cir. April 20, 2009).  These items have been included in plaintiff's request for fees despite the fact that counsel has been advised repeatedly by judges of this district that compensation for such matters is not permissible.[5]

Where an attorney has failed to exercise billing judgment, the court may do so for him by striking problematic entries or by reducing the hours requested by a percentage

---

[4] More specifically, counsel's apparent habit of following up a phone call to his client with a letter may be prudent business practice, but does not warrant a double billing to one's opponent.  ***See Nuanes v. Nations Recovery Center, Inc.***, Civil Action No. 12-cv-01140-RPM-KMT, **Recommendation of United States Magistrate Judge** at 7 & n.3 [#22], filed February 21, 2013, ***adopted in relevant part*** [#24], filed March 12, 2013.

[5] Moreover, counsel provides no authority – and I have found none – which would make appropriate a request for compensation for time spent driving to court proceedings or awaiting the jury's verdict, *a fortiori*, given the widespread use of modern technology facilitating work in and from almost any location.

intended to substitute for the exercise of billing judgment. ***See Harper v. City of Chicago Heights***, 223 F.3d 593, 605 (7th Cir. 2000), ***cert. denied***, 121 S.Ct. 883 (2001), ***and cert. denied***, 121 S.Ct. 1092 (2001); ***Walker v. United States Department of Housing and Urban Development***, 99 F.3d 761, 770 (5th Cir. 1996). In this case, I have identified some 36 hours of counsel's time that I find unreasonable. Accordingly, I find and conclude that the reasonable number of hours expended on this case was 79.6. Multiplying this figure by the stipulated reasonable rate of $250 an hour yields a lodestar amount of $19,900. Neither party having suggested that any further adjustments to the lodestar are appropriate, I find this amount reasonable and adequate to compensate plaintiff's counsel for his representation in this matter.[6] ***See Pennsylvania v. Delaware Valley Citizens Council for Clean Air***, 478 U.S. 546, 564-65, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986) (adjustments to lodestar should be made only in rare and exceptional cases).

Finally, plaintiff seeks an additional $30.55 in expenses related to parking downtown during the two days of trial and the cost of exhibit binders. Plaintiff already has been compensated for costs in this matter (***see* Bill of Costs** [#88], filed June 11, 2015), and has provided no authority suggesting that these additional items are properly taxable as costs. ***See Crawford Fitting Co. v. J.T. Gibbons, Inc.***, 482 U.S. 437, 441-42, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987) (expenses not specifically authorized by statute not recoverable as costs). I therefore deny the motion as to such

---

[6] Although plaintiff did not achieve "exceptional success" in the result of this litigation such as would warrant an enhancement of the lodestar, ***see Ramos v. Lamm***, 713 F.2d 546, 557-58 (10th Cir. 1983), I do not believe her limited monetary recovery undercuts her success in vindicating the rights protected by the FDCPA, ***see Phelps v. Hamilton***, 120 F.3d 1126, 1132 (10th Cir. 1997). Moreover, as noted above, defendant's own intransigence contributed in no small measure to the total amount of time required to resolve this matter.

costs.

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's **Motion for Attorney's Fees** [#89], filed June 15, 2015, is granted in part and denied in part;

2. That the motion is granted to the extent it seeks a reasonable attorney fee, and plaintiff is awarded attorney fees of $19,900; and

3. That in all other respects the motion is denied.

Dated August 18, 2015, at Denver, Colorado.

                         **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge